**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **In re:** | |
| **TIM HAROLD ROSE,** | **Case No. 17-26973-TJC** |
| **Debtor.** | (**Chapter 11**) |

## UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE, OR, ALTERNATIVELY, DIRECT APPOINTMENT OF CHAPTER 11 TRUSTEE

John P. Fitzgerald, III, Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby moves to convert this case to a liquidation under Chapter 7 of the United States Bankruptcy Code or, in the alternative, direct the appointment of a Chapter 11 trustee. As one of the Debtor's secured creditors has argued in its motion to direct the appointment of an examiner, this case has languished without any appreciable progress while all creditors have waited patiently. The case also should be converted or a Chapter 11 trustee appointed because the proposed disclosure statement is not adequate and the plan is not confirmable; the Debtor continues to accrue debt post-petition; and the Debtor has continued to spend money on his family and himself that should have been used to pay creditors. In further support of this Motion, the United States Trustee states as follows:

1.  This Motion is filed pursuant to 28 U.S.C. §§ 157, 586, and 1334; and 11 U.S.C. § 307.

2.  The applicable statutes and rules supporting this Motion are 11 U.S.C. 1112(b)(1) and (b)(2) and Fed. R. Bankr. P. 2015.

3.  On December 20, 2017, debtor Tim Harold Rose ("Debtor"), through counsel, filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. (ECF 1.)

4.      Since filing, the Debtor has continued to manage his financial affairs as a debtor in possession.  11 U.S.C. §§ 1107(a), 1108.

5.      No Chapter 11 trustee or committee of unsecured creditors has been appointed in this case.

6.      The United States Trustee has standing to raise, appear and be heard on the matters set forth in this pleading pursuant to 11 U.S.C. § 307 and files this motion in furtherance of his administrative duties under 28 U.S.C. § 586.

7.      This is not the Debtor's first bankruptcy case.  On March 26, 2016, he originally sought bankruptcy relief through Chapter 11 in this Court in a case that was docketed as No. 16-13884 ("First Case").  The Debtor voluntarily dismissed the First Case on November 18, 2016 (First Case, ECF 53) after one of his secured lenders and the United States Trustee objected to his proposed disclosure statement and plan.

8.      In the pending case, on July 9, 2019, LC FUND 18, LLC ("Lender") filed its emergency motion to direct the appointment of an examiner.  (ECF 162).

9.      The Lender, which holds the second lien on the Debtor's home, asks that an examiner be appointed "with limited powers" to take action in the case.  (ECF 162 at p. 1.)  The Lender asserts that the Debtor has thwarted true attempts to sell the Home.  (ECF 162 at pp. 4-5.)

10.     As explained more fully in his opposition (ECF 168), the United States Trustee contends that the Bankruptcy Code does not permit the appointment of an examiner with the powers the Lender seeks. However, the United States Trustee agrees that there is cause to convert or direct the appointment of a Chapter 11 trustee.

11.     Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases.  Section 1112(b)(1) provides in relevant part:

> on request of a party in interest, and after notice and a hearing, . . .
> the court shall convert a case under this chapter to a case under
> chapter 7 or dismiss a case under this chapter, whichever is in the
> best interests of creditors and the estate, if the movant establishes
> cause.

11 U.S.C. § 1112(b)(1).   Once a movant has established cause, the Court must exercise its

discretion to determine which action – conversion or dismissal – best suits the circumstances of

the case.  *Rollex Corp. v. Assoc. Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d

240, 242 (4th Cir. 1994); *see also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (After

cause is established, the "court must dismiss the case or convert the case . . . or appoint a Chapter

11 Trustee," whichever course of action is in the best interest of creditors and the estate).  *Accord*

*In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011).

       7.      In determining which remedy (conversion, dismissal, or the appointment of a

Chapter 11 trustee) is in the best interests of creditors and the Bankruptcy Estate, the Court

should consider the following factors:

> (1) whether some creditors received preferential payments,
> and whether equality of distribution would be better served by
> conversion than dismissal; (2) whether there would be a loss of rights
> granted in the case if it were dismissed rather than converted; (3)
> whether the debtor would simply file a further case upon dismissal;
> (4) the ability of the trustee in a chapter 7 case to reach assets for the
> benefit of creditors; (5) in assessing the interests of the estate,
> whether conversion or dismissal would maximize the estate's value as
> an economic enterprise; (6) whether any remaining issues would be
> better resolved outside the bankruptcy forum; (7) whether the estate
> consists of a 'single asset'; (8) whether the debtor had engaged in
> misconduct and whether creditors are in need of a chapter 7 case to
> protect their interests; (9) whether a plan had been confirmed and
> whether any property remains in the estate to be administered; and
> (10) whether the appointment of a trustee is desirable to supervise the
> estate and address possible environmental and safety concerns.

*Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2012)(quoting 7 COLLIER ON

BANKRUPTCY [SECTION] 1112.04[7].

8.      Section 1112(b)(4) contains an illustrative, non-exclusive list of what constitutes cause to dismiss or convert a case to Chapter 7.  *See In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010).  Additionally, a bankruptcy court has wide discretion to determine whether cause exists to dismiss or convert a case.  *In re Products Int. Co.,* 395 B.R. 101, 109 (Bankr. D. Ariz. 2008); *In re Tornheim*, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995) (factors in Section 1112(b) are not exhaustive, and bankruptcy court has wide discretion to determine if cause to convert exists).

9.      Pursuant to Section 1112(b) of the Bankruptcy Code, a Chapter 11 case shall be converted to a liquidation proceeding under Chapter 7 or dismissed for "cause."  *See* 11 U.S.C. § 1112(b)(1).

**A.  There Has Been Little to No Progress in This Case.**

10.      Here, cause exists to convert to Chapter 7 because this case has languished for nineteen months.  Further, this timeline does not include the time spent in the First Case. Essentially, the Debtor has stayed his creditors from collecting on their debts since March 2016. Additionally, the Debtor has been asserting since his First Case that the only way out of bankruptcy is to sell his home, a million-dollar property located at 6708 Oak Park Drive, Bethesda, MD 20817 and 8605 Burning Tree Road, Bethesda, MD 20817 (together, the "Home").  He has been trying to do this since 2016, without success. As the Lender has asserted, the current listing agreement has expired and the Home is now off the market.

**B.  The Disclosure Statement and Plan Need Substantial Work To be Approved.**

11.      Nor could the Debtor have confirmed a plan through the pleadings that he filed. The Disclosure Statement did not contain adequate information and the Plan was not

confirmable, as evidenced by the comments in the various objections filed to the Disclosure Statement and Plan.  (ECF 83, 129.)

12.     Information needed to be added to the Disclosure Statement regarding marketing and sales efforts and significant amendments needed to be made to the pleadings.  (ECF 83.) Thus, the Debtor would have to expend time and money to correct the flaws in the Disclosure Statement and Plan.  There is no reasonable likelihood that a plan can be confirmed in a reasonable period of time.  Further, additional costs would continue to dilute the pool of monies available for creditors.

   **C.  The Debtor Continues to Accrue Post-Petition Debt.**

13.     Cause also exists to convert or dismiss this case for the Debtor's substantial or continuing loss to or diminution of the estate.  11 U.S.C. § 1112(b)(4)(A).  In its Objection to the Motion to Direct the Appointment of Examiner, creditor U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., avers that the Debtor has not paid his mortgage since 2016.  (ECF 169 at p. 2, ¶ 7.)  During this time, the Creditor also has advanced monies for taxes and insurance.  (*Id.*)

14.     Additionally, the Debtor's Monthly Operating Reports are inaccurate.  In each of the last four filed, the Debtor recites under penalty of perjury that he has paid all of his bills on time that month. However, if he is not paying his mortgage, he cannot be paying his bills on time. (ECF 154 at p. 1; 151 at p. 1; 152 at p. 1; 161 at p. 1.)

   **D.  The Debtor Is Funding Questionable Expenses.**

15.     Finally, there is cause to convert this case because the Debtor's MORs show that the Debtor continues to expend monies that should be conserved to pay his creditors.

16.     Certain of the Debtor's expenses in the past few months appear to be

questionable. He has partially funded a trip to Disneyworld (ECF 151 at p. 3), continues to pay his younger daughter's credit cards (ECF 154 at p. 9), and subsidizing his daughter's living expenses (ECF 154 at p. 8, 9), among others. Even more problematic is the fact that the Debtor appears to be using his business account to pay his personal expenses.

17.     For these reasons, the United States Trustee asks that this case be converted to Chapter 7 for cause and for the benefit of all creditors. The actions needed in this case fall right within a chapter 7 trustee's wheelhouse – investigating assets, selling real property, investigating claims, liquidating other assets, and distributing the resultant monies. Moreover, conversion would avoid the time and money necessary to develop and obtain approval of a plan.

18.     Section 1112(b)(1) permits the Court to direct the appointment of a Chapter 11 trustee if the Court believes that would be in the best interests of the creditors and the estate. Certainly, sales of property within Chapter 11 would avoid the imposition of transfer taxes, which could be significant in this case. Accordingly, the United States Trustee requests conversion to chapter 7 or the direction to appoint a chapter 11 trustee.

19.     Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

20.     Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to entry of final orders or judgments by the Bankruptcy Judge.

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests that the Court enter an Order converting this case to Chapter 7 or, in the alternative, directing the appointment of a Chapter 11 trustee, and granting such other and further relief as the Court deems necessary and appropriate.

Dated: July 23, 2019

Respectfully submitted,
**JOHN P. FITZGERALD, III**
Acting United States Trustee, Region 4

By Counsel:


*/s/ Jeanne M. Crouse*
Jeanne M. Crouse, Bar No. 05329
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
(301) 344-8431 (fax)
E-mail: jeanne.m.crouse@usdoj.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2019, I served a true and correct copy of the foregoing Motion to Convert Case to Chapter 7 or, in the Alternative, Direct Appointment of Chapter 11 Trustee:

*BY CM-ECF NOTICE AFTER FILING OF PLEADING TO:*

- Leah Christina Freedman     bankruptcy@bww-law.com, leah.freedman@bww-law.com
- Bob Van Galoubandi     bgaloubandi@gmail.com, bgaloubandi@gmail.com
- Charles C. Iweanoge     cci@iweanogesfirm.com, G17323@notify.cincompass.com
- Nikita Rajendra Joshi     Nikita.Joshi@bww-law.com, bankruptcy@bww-law.com
- Kimberly Brooke Lane     klane@siwpc.com, ecfmd1@siwpc.com;ecfmd2@siwpc.com;ecfmd3@siwpc.com;razzam@siwpc.com;mfreeman@siwpc.com;dreynolds@siwpc.com;SIWPC@ecf.courtdrive.com
- Joshua Welborn     bankruptcymd@mwc-law.com, bankruptcymd@ecf.inforuptcy.com

*AND BY FIRST-CLASS U.S. MAIL, POSTAGE PRE-PAID, TO:*

SPECIALIZED LOAN SERVICING LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, co 80129

Tim Harold Rose
8605 Burning Tree Road
Bethesda, MD 20817-2945
*Debtor & Debtor-in-Possession*

7

Tim Harold Rose
6708 Oak Park Drive
Bethesda, MD 20817
*Debtor & Debtor-in-Possession.*

/s/ *Jeanne M. Crouse*
Jeanne M. Crouse